IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY C. HORTON                                                          PLAINTIFF

vs.                                      Civil No. 4:19-cv-04078

COMMISSIONER, SOCIAL                                    DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Gregory C. Horton ("Plaintiff") brings this action pursuant to § 205(g) of Titles II and XVI of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on June 17, 2016. (Tr. 246). In these

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

applications, Plaintiff alleges being disabled due to hypothyroidism. (Tr. 454). At the administrative hearing in this matter, Plaintiff also alleged being disabled due to cervical spondylosis at C5/6, which he characterized as a neck impairment. (Tr. 272-273).

Plaintiff alleged an onset date of May 1, 2016. (Tr. 246). These applications were denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 268-293). On June 14, 2018, the ALJ held an administrative hearing. (Tr. 268-293). At this hearing, Plaintiff was present and was represented by counsel, Chris Foster. *Id.* Plaintiff and Vocational Expert ("VE") Ivory Youngblood testified at the administrative hearing in this matter. *Id.*

On September 26, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 243-252). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2020. (Tr. 249, Finding 1). The AL determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2016, his alleged onset date. (Tr. 249, Finding 2).

The ALJ determined Plaintiff had the following medically determinable impairments: hypertension; Graves' disease; thyroid eye disease; obesity; and cervical degenerative disc disease. ECF No. 249, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 249-250, Finding 4). Because the ALJ found Plaintiff did not have any severe impairments, the ALJ also determined Plaintiff had not been under a

2

disability (as defined by the Act) from May 1, 2016 through the date of her decision or through September 26, 2018.  (Tr. 252, Finding 5).

Plaintiff requested the Appeal's Council's review of this unfavorable decision.  (Tr. 1-7).  The Appeals Council denied this request on June 17, 2019.  *Id.*  Thereafter, on July 15, 2019, Plaintiff appealed his administrative case to this Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 15, 2019.  ECF No. 5.  Both Parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 13-14.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); Ramirez *v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.	Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff claims the ALJ erred in finding none of his impairments were severe. *Id.* Upon review, the Court finds the ALJ properly determined all of Plaintiff's impairments were non-severe, and there is no basis for reversal in this case.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

In this case, Plaintiff alleges being disabled due to hypothyroidism and cervical spondylosis at C5/6 (a neck impairment).[2] The Court will consider both of those impairments. First, Plaintiff alleges being disabled due to hypothyroidism. In her decision, the ALJ fully considered Plaintiff's

---

[2] Plaintiff also raises additional impairments in his briefing. ECF No. 13. Because Plaintiff did not raise those disabling impairments in his applications or at the administrative hearing, the ALJ was under no obligation to consider them or find they were severe. *See Matthews v. Bowen,* 829 F. 2d 422, 424 (8th Cir. 1989) (recognizing where the claimant did not allege disability due to a mental impairment and presented only minimal evidence of anxiety, the ALJ did not err when he failed to order consultative examination before concluding claimant had no mental impairment).

5

alleged hypothyroidism. (Tr. 250-251). The ALJ noted that Plaintiff's thyroid gland was tested on several different occasions, and he was repeatedly found to have normal thyroid levels. *Id.* After a thorough review of his medical records, the ALJ could not find Plaintiff suffered from a severe impairment due to hypothyroidism. Upon a careful review of Plaintiff's briefing and the ALJ's decision, the Court finds Plaintiff has not supplied a basis for reversing this decision.

Second, Plaintiff alleges being disabled due to a neck impairment. In her decision, the ALJ also considered that alleged impairment and noted Plaintiff only had "mild narrowing of the right C5-6 neural foramen" and was diagnosed with "no significant abnormalities." (Tr. 251). Again, after a review of his medical records, the ALJ found this neck impairment was non-severe. Upon a careful review of Plaintiff's briefing and the ALJ's decision, the Court again finds Plaintiff has not supplied a basis for reversing this decision.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of June 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE